ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.   1:19CR147 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| RICKY JACKSON, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

On April 4, 2023, the Sixth Circuit issued a limited remand for this Court to determine "whether [Defendant Ricky] Jackson has shown excusable neglect or good cause warranting an extension of the appeal deadline." The Court now resolves that issue.

Rule 4(b)(4) provides that "[u]pon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed [by this rule]." Granting an extension under Rule 4(b)(4) is not automatic, however, and any extension must be predicated on a district court's "finding of excusable neglect or good cause." In *United States v. Thompson*, 82 F.3d 700 (6th Cir.1996), the Sixth Circuit held that the liberal standard of excusable neglect set forth in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394 (1993) applies in requests for extension of time to file a notice of appeal both in criminal and civil cases under FED. R.APP. P. 4. *Thompson*, 82 F.3d at 702. Under *Pioneer*, the Supreme Court was presented with the question of what constitutes "excusable neglect" under Bankruptcy Rule 9006(b) (1). The Court found that the rule grants a

party "a reprieve to out-of-time filings that were delayed by 'neglect.'" *Pioneer*, 507 U.S. at 388. The Court defined neglect as some jurisdictional act which was left "'undone or unattended to especially through carelessness.'" *Id*. (citation omitted). Neglect thus encompasses both simple, faultless omissions to act and omissions caused by carelessness. *Id.* The Circuit in *Thompson* then proceeded to establish a test for district courts to apply to Appellate Rule 4 in light of precedent:

> When requesting an extension of time, the party seeking the extension must first establish excusable neglect. If no excusable neglect is shown, the extension cannot be granted. Should the district court find excusable neglect, the court must then examine the questions of prejudice and bad faith. If there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension.

*Thompson*, 82 F.3 at 702.

This Court entered its judgment against Jackson on February 14, 2022, and his notice of appeal was filed on March 1, 2022 – one day beyond his deadline according to the order of the Sixth Circuit. As such, while Jackson's notice was untimely, the delay was minimal. Moreover, the Court recognizes that there may have been some confusion generated when Jackson was given his appellate rights and the following transpired:

> THE COURT: Mr. Jackson, you have a right to an appeal filed from the Court's sentence. Any notice of appeal would have to be file no later than 14 days after I put up a written order setting forth your sentence. And we will provide you with the necessary transcripts, papers, and an attorney for purposes of that appeal.
>
> Do you understand that, Mr. Jackson?
>
> THE DEFENDANT: I don't understand anything that's going on, sir.

Doc. 745 at 48. Based upon the above, the Court finds that Jackson could have reasonably been

confused about his appellate rights. Given this fact, coupled with the minimal delay in filing his notice of appeal, the Court finds good cause to extend his time to appeal. Moreover, the Court finds no prejudice to the Government stemming from this brief extension.

Accordingly, the Court finds that good cause existed for Jackson's untimely notice of appeal.

IT IS SO ORDERED.

    April 21, 2023                                      /s/John R. Adams
Date                                                    JOHN R. ADAMS
                                                           UNITED STATES DISTRICT JUDGE