UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICKY JACKSON, ) | CASE NO.: 1:25-cv-01424 |
| ) | 1:19-cr-00147 |
| Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Respondent. ) | (Resolves Doc. 927) |
| ) | |

This matter is before the Court upon Ricky Jackson's ("Jackson") *Motion to Vacate, Set Aside, or Correct a Sentence* pursuant to 28 U.S.C. § 2255 (Doc. 927) (the "Motion"). For the reasons set forth herein, the Motion is DENIED.

I.  PROCEDURAL BACKGROUND

A federal grand jury returned an indictment charging Jackson with conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C) (Count One) and use of a communication facility in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 843(b) (Count 36). Doc. 1. Jackson pled guilty pursuant to a plea agreement. Doc. 601. On February 14, 2022, the Court sentenced Jackson to 188 months' imprisonment. Doc. 720. Jackson filed the *Notice of Appeal* (Doc. 725), and the Sixth Circuit affirmed. *See United States v. Jackson*, No. 22-3164, 2024 U.S. App. LEXIS 4279 (6th Cir. Feb. 23, 2024).  The United States Supreme Court denied his petition for a writ of certiorari. Doc. 903. He now proceeds with the Motion, wherein he raises several alleged errors of this Court and argues that he was denied effective assistance of counsel.

1

## II. LEGAL STANDARD

A prisoner in custody that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must show that (i) the sentence was imposed in violation of the Constitution or laws of the United States, (ii) the court was without jurisdiction to impose such sentence, (iii) the sentence was in excess of the maximum authorized by law, or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

## III. ANALYSIS

### a. Drug Quantity

Jackson first argues that the Court inappropriately calculated the drug quantities by relying on the statements of an unreliable confidential informant to do so. Doc. 927 at p. 4. When an issue is addressed by the appellate court on direct appeal, petitioner cannot use a § 2255 motion to relitigate the issue, absent an intervening change in law. *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996). The issue of whether the confidential informant's reports were appropriately corroborated was addressed on direct appeal, when the Sixth Circuit affirmed both the Court's reliance on the informant's statements and the Court's estimation of drug quantities. *See United States v. Jackson*, No. 22-3164, 2024 U.S. App. LEXIS 4279, at *4–5 (6th Cir. Feb. 23, 2024). Therefore, the matter cannot be relitigated. *See Oliver* at 180. Accordingly, this ground for relief is denied.

### b. Sentencing Enhancement

Jackson also claims the Court erred when it applied a sentencing enhancement for maintaining a drug premises [pursuant to U.S.S.G. § 2D1.1(b)(12)]. Doc. 927 at p. 5. However, this issue meets the same end as ground one because it was affirmed on direct appeal. *See Oliver*, 90 F.3d at 180; *See Jackson*, at *6–7. Accordingly, ground two is denied.

c. **Ineffective Assistance of Counsel**

Last, Jackson claims he was denied effective assistance of counsel. Jackson provides a verbose argument that appears to raise claims of ineffective assistance related to grounds one and two, in addition to a general argument that trial counsel could not have been effective because in 2024, the Ohio Board of Professional Conduct recommended her disbarment. Doc. 927-1 at pp. 3–4; Doc. 927-2.

A motion made pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for raising a claim of ineffective assistance of counsel. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue.") The test of counsel's effectiveness was set forth by the Supreme Court in *Strickland v. Washington*. The measure used is whether the representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To succeed on their claim of ineffective assistance of counsel, the defendant must show both a deficient performance and resulting prejudice. *Id.* at 688. Counsel's performance is evaluated considering all circumstances, based on their perspective at the time. *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (citing *Strickland*, 466 U.S. at 689). The second part of the *Strickland* test – whether there was resulting prejudice – is more difficult. To succeed on this prong, a defendant must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted).

The Sixth Circuit affirmed the judgment as to the issues of drug quantities and the sentencing enhancement. Accordingly, Jackson has not established any resulting prejudice due to

3

counsel's alleged errors. *See id.* As to Jackson's general argument that trial counsel's later disbarment is evidence of her ineffective assistance in his case, this argument is without merit. He does not argue that trial counsel was disbarred for any action taken in *his* case and thus has not met the standard set forth by *Strickland*.

> Courts have declined to adopt a *per se* rule that an attorney who is subject to discipline or disbarment for conduct unrelated to the representation of a defendant in a criminal case should be deemed to have provided constitutionally ineffective assistance of counsel in the criminal proceeding.

*Chandler v. Ross Corr. Inst.*, No. 2:10-cv-1150, 2011 U.S. Dist. LEXIS 153927, at *23 (S.D. Ohio Dec. 27, 2011) (quoting *United States v. Grooms*, No. 88-80651-16, 2009 U.S. Dist. LEXIS 46213, at *1, n.1 (E.D. Mich. June 2, 2009)). Therefore, this ground for relief is also denied.

### IV. CONCLUSION

For the foregoing reasons, Jackson's *Motion to Vacate, Set Aside, or Correct a Sentence* (Doc. 927) is DENIED.[1] Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Jackson may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

December 3, 2025                        */s/ John R. Adams*
DATE                                     JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE

---

[1] Jackson also requests an evidentiary hearing. Doc. 927-1 at p. 5. In a § 2255 proceeding, "no evidentiary hearing is necessary when a movant's claims cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Norwood v. United States*, No. 23-1684, 2025 U.S. App. LEXIS 2683, at *5 (6th Cir. Feb. 5, 2025) (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). As Jackson's claims lack merit, an evidentiary hearing is not necessary.